UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ALIZEE WICKENHEISER,

        Plaintiff,                                   Case No. 2:17-CV-84

v.                                             HON. GORDON J. QUIST

UP HEALTH SYSTEM
MARQUETTE, et al.,

        Defendants.
_____/

**ORDER ADOPTING REPORT AND
RECOMMENDATION AND DIRECTING PLAINTIFF
TO PROVIDE UPDATED INFORMATION**

On June 29, 2017, Magistrate Judge Greeley conducted a review of Plaintiff's pro se

complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), to determine whether the action is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. (ECF No. 5.) The magistrate judge issued a report and

recommendation (R & R) recommending that Plaintiff's claim in Count IV be dismissed because

the United Nations Convention against Torture and Other Cruel, Inhuman of Degrading Treatment

or Punishment and the International Covenant on Civil and Political Rights do not create private

rights of action. (*Id.* at PageID.94.) The magistrate judge further concluded that Count V should

be dismissed because 18 U.S.C. §§ 2340 and 2340A are criminal statutes that do not provide a civil

cause of action. (*Id.*) Finally, the magistrate judge concluded that Plaintiff's claim in Count VI,

based on the Michigan Ethnic Intimidation Act, should be dismissed because Plaintiff's allegations

do not suffice to show that Defendants acted with a malicious intent to intimidate or harass her based

on her gender identity. (*Id.* at 7–8.)

Plaintiff has filed a lengthy Objection to the R & R. Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

A party who seeks de novo review of a report and recommendation must "file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). This Court's local rules similarly provide that objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

Although Plaintiff has filed a 23-page Objection, Plaintiff's objections are—generously characterized—vague and conclusory. Plaintiff's rambling missive contains much information but does not address the reasons given in the R & R for dismissal of Counts IV, V, and VI on initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff thus fails to offer any coherent basis for this Court to reject the R & R.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued June 29, 2017 (ECF No. 5) is **APPROVED AND ADOPTED** as the Opinion of this Court. Plaintiff's Objection (ECF No. 6) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Counts IV through VI of the complaint are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that **within fourteen (14) days** of the date of this Order, Plaintiff shall provide an updated address to the Clerk.  The Court notes that August 2, 2017, the discovery return letter the Clerk sent to Plaintiff was returned because Plaintiff was no longer at her former address and left no forwarding address.  (ECF No. 10.)  Plaintiff's failure to provide an updated address within the specified time shall result in a dismissal for lack of prosecution.  *See* Fed. R. Civ. P. 41(b).

Dated:  August 9, 2017                            _____/s/ Gordon J. Quist_____
                                                             GORDON J. QUIST
                                                             UNITED STATES DISTRICT JUDGE